# United States Court of Federal Claims

No. 12-142 C
Filed: November 9, 2018

|  |  |  |
|---|---|---|
| QUIMBA SOFTWARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Equal Access to Justice Act attorney's |
| | ) | fees; attorney's fees; attorney's costs; |
| v. | ) | attorney's expenses; plaintiff's expenses; |
| | ) | consultant fees |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

*William Thomas Welch*, McMahon, Welch & Learned, Reston, V.A., for plaintiff.

*Paul Davis Oliver*, United States Department of Justice, Civil Division, Washington, D.C., for defendant.

**ORDER**

***SMITH*, Senior Judge**

This action is before the Court on plaintiff and defendant's proposed attorney's fee and cost award calculations under the Equal Access to Justice Act ("EAJA"). Plaintiff, Quimba Software, Inc. ("Quimba"), is a small business that contracted with the United States Air Force Research Laboratory, Air Force Material Command of the United States Air Force ("Air Force") to provide information technology research services. On April 27, 2018, the Court granted Quimba's motion for attorney's fees and costs pursuant to the EAJA and ordered the parties to provide proposed fee and cost calculations. Opinion and Order Granting Plaintiff's Motion for Attorney Fees, ECF No. 138 at 9. The parties filed separate calculations, and the government subsequently filed a motion seeking leave to file corrected calculations, as well as the corrected calculations themselves. Pursuant to the April 27, 2018 Order, and consistent with the EAJA, the Court awards the plaintiff $98,919.68 in attorney's fees, attorney's expenses, and expert consultant fees.

**I.   Background**

On March 1, 2012, Quimba filed its Complaint with this Court pursuant to the Contract Disputes Act, seeking a declaration that the Contracting Officer's Final Decision disallowing plaintiff's owners' deferred compensation costs was null and void, and that such costs were allowable under the Federal Acquisition Regulation ("FAR") and the contract terms. *Quimba Software, Inc. v. United States*, 132 Fed. Cl. 676, 677 (2017) (hereinafter "*Quimba I*") (citing 41 U.S.C. § 7104(b)). On June 26, 2017, the Court entered judgment in favor of plaintiff, holding

1

that the deferred compensation in question was allowable in Quimba's Incurred Cost Proposal and that the circumstances causing such a deferral were not foreseeable. *Id.* at 682-83.

On November 7, 2017, plaintiff filed its Motion for Attorney Fees and Costs, claiming entitlement to fees at full market rates as an eligible small business under Section 2412(d) of the EAJA. *See generally* Plaintiff's Motion for Attorney Fees and Costs Pursuant to EAJA, ECF No. 129 (hereinafter "P's EAJA Motion"). On April 27, 2018, the Court granted the Motion, finding that "Quimba is entitled to recover its attorney's fees and expenses [capped at $125 per hour] with a cost of living adjustment ("COLA"), pursuant to 28 U.S.C. § 2412, and that its interest on its § 2412 claim began to accrue from the date its application was filed on December 21, 2017." Opinion and Order Granting Plaintiff's Motion for Attorney Fees (hereinafter "*Quimba II*") ECF No. 138 at 9. Additionally, the Court directed the parties to file a joint status report stipulating to the amount of attorney's fees and costs owed to Quimba. *Id*.

The parties failed to stipulate to the amount of attorney's fees and costs, and instead filed separate proposed calculations on June 6, 2018. *See generally* Defendant's Status Report (hereinafter "D's AFCs I"), ECF No. 143; Plaintiff's Proposed Fees and Costs in Support of Its Claim Under the Equal Access to Justice Act (hereinafter "P's AFCs"), ECF No. 142. On June 12, 2018, the government filed a motion for leave to file corrected calculations of fees and costs owed to Quimba and a status report containing the government's corrected attorney's fee calculations. *See generally* Defendant's Motion Seeking Leave to File a Corrected Calculation of Fees and Costs That Plaintiff is Entitled to Under This Court's Decision, ECF No. 144; Status Report: Defendant's Corrected Calculations of Attorney Fees and Costs Under the Equal Access to Justice Act (hereinafter "D's AFCs II").

## II.    Proposed Attorney Fees and Costs Calculations

### A. Quimba's Proposed Calculations and Claimed Entitlement

Quimba claims it is entitled to a total of $237,073.26 in attorney's fees, attorney's costs, Federal Acquisition Regulations and Cost Accounting Standards ("FAR/CAS") expert consultant fees', compensation for Quimba's founder's time, and reimbursement for direct costs incurred in connection with this litigation. *See generally* P's AFCs. In *Quimba II*, the Court held that Quimba is entitled to attorney's fees calculated using the EAJA capped rate of $125 per hour with an upward COLA. *Quimba II* at 9. Quimba's undisputed COLA-statutory-capped hourly rate calculations vary from $184.33 to $201.11 per hour, depending on when the attorneys performed the work. P's EAJA Motion, Ex. 3A. Quimba's attorneys allegedly worked 469.6 hours, for an undisputed total of $90,084.08. P's AFCs at 2-3. Additionally, Quimba claims a total of $4,555.29 in attorney's fees for tax-related advice associated with the litigation. *Id*. at 4.

Quimba alleges that it is entitled to litigation expenses incurred by its attorneys and directly incurred by Quimba. *Id*. at 4-5. These expenses include $2,958.58 in costs incurred by its litigation attorneys for travel, mailing, and other necessary expenses, and $140.48 in costs incurred by its tax attorney. *Id*. at 4. Quimba's directly incurred expenses include $1,181.25 in the FAR/CAS expert consultant fees, as well as $14,228.58 in travel expenses incurred by

Quimba's founder for meeting with attorneys, attending hearings, and attending depositions. *Id*. at 5.

Additionally, Quimba contends that it is entitled to $125,925 in compensation for the 1679 hours Quimba's founder spent meeting with attorneys, conducting research, drafting complaints, preparing for depositions, attending hearings, attending depositions, and participating in settlement negotiations. P's AFCs Ex. 8. Quimba calculated this amount by multiplying the 1679 hours allegedly worked by $75 per hour—the rate the Air Force agreed to compensate Quimba for government contract work. *Id*.; P's AFCs at 5. The following is a summary of Quimba's position:

| Quimba's Claimed Entitlement | |
|---|---|
| **Description** | **COLA** |
| Attorney Fees - Mc Mahon, Welch, and Learned (Litigation Attorneys)(469.6 Hours @ $184.33/hr for 2/27/12 - 8/14/12; $187.06/hr for 1/30/13 - 2/28/13; $190.03/hr for 1/2/14 - 12/7/14; $190.27 from 1/6/15 - 12/21/15; $192.68 from 1/26/16 - 12/16/16; $196.77 from 1/9/17 - 12/28/17; $201.11 from 1/3/18 - 5/23/18) (Ex. 3). | $90,084.08 |
| Attorney Fees - Bell, Davis, and Pitt (Tax Attorneys) (Ex. 5) | $4,555.29 |
| Litigation Attorney Expenses - Mc Mahon, Welch, and Learned (Ex. 3 at 66, plaintiff's initial motion for attorney fees.) | $2,958.58 |
| Tax Attorney Expenses - Bell, Davis, and Pitt (Ex. 5) | $140.48 |
| FAR/CAS Consultant - Nicholas Sanders (Ex. 6) | $1,181.25 |
| Quimba Costs (Quimba Owner's expenses for air, hotel, ground transportation, mileage, meals for meeting with attorneys and attending hearings, depos, etc…) (Ex. 7). | $14,228.58 |
| Quimba Labor - 1679 hrs @ $75/hr (Quimba owner's time meeting with attorneys, research, drafting complaints and depos, attending hearings, attending depos, settlement negotiations, etc…) (Ex. 8). | $125,925.00 |
| **TOTAL** | **$239,073.26** |

*Id*. at 2-6.

### B. The Government's Calculations and Claimed Liability

The government argues that Quimba is only entitled to a total of $81,881.87. D's AFCs II at 4. The government does not dispute that Quimba spent the claimed amount as a result of the litigation, but asserts that Quimba's entitlement is limited to the COLA-statutory-capped attorney's fees less the total uncapped amount that Quimba's attorneys billed for denied motions ($94,639.37 – $12,757.50). *Id*. The government contends that Quimba is not entitled to these

fees because the denied motion for summary judgment, the denied motion for protective order, and the denied motion to dismiss did not contribute to Quimba's success. D's AFCs I at 1. The government does not attempt to explain why the proposed deduction associated with these failed motions should be based on $385 and $395 per hour rate—not the COLA-statutory-capped rates ranging from $187.06 to $190.03, which were used to calculate the basis of the award.

The government also maintains that Quimba is not entitled to the FAR/CAS expert consultant fees, expenses directly incurred by Quimba, and the costs associated with the time Quimba's founder spent supporting the litigation effort because Quimba's attorneys did not directly incur these costs. D's AFCs II at 2-4. The government also denies liability for expenses incurred by Quimba's attorneys, but refrains from providing an explanation for this denial. *Id*. at 4. The following is a summary of the government's position:

| **Government Claimed Liability** | |
|---|---|
| **Description** | **COLA** |
| Attorney Fees - Mc Mahon, Welch, and Learned (Litigation Attorneys) 469.6 hrs @$184.33 to $201.11/hr. | $90,084.08 |
| Attorney Fees - Bell, Davis, and Pitt (Tax Attorneys) | $4,555.29 |
| Less fees incurred in connection with denied motions (Summary Judgment-12hrs @ $385/hr; Motion for protective order-8.1hrs @ $385, $395/hr; MTD -13hrs @ $385/hr .) | ($12,757.50) |
| **TOTAL** | **$81,881.87** |

*Id*. at 1.

### III. Discussion

#### A. Standard of Review

Under the EAJA, a plaintiff is entitled to recover limited costs incurred for litigating successful claims. 28 U.S.C. § 2412 (b), (d)(2)(A). Once a plaintiff has met the conditions prescribed by the EAJA, "[i]t remains for the [trial] court to determine what fee is reasonable." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (internal quotations omitted). In making this determination, "[t]he trial court has considerable discretion." *Hubbard v. United States*, 480 F.3d 1327, 1334-35 (Fed. Cir. 2007). For example, the Court has discretion to "reduce the amount to be awarded . . . or deny an award, to the extent that the prevailing party . . . unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). In *Quimba II*, the Court found that Quimba prevailed for purposes of the EAJA. *Quimba II* at 9. The Court must now determine the amount Quimba is entitled to recover.

#### B. Attorney's Fees

A plaintiff is entitled to attorney's fees limited to $125 per hour unless the Court determines that a COLA is justified. 28 U.S.C. § 2412 (d)(2)(A). In *Quimba II*, the Court determined that Quimba is entitled to a COLA. *Id*. at 9. Quimba's uncontested rates are

consistent with the EAJA guidelines and the direction given in *Quimba II*. Therefore, the Court finds that Quimba's attorney's fee rates are reasonable. Furthermore, the uncontested number of hours Quimba's attorneys claim to have expended on the litigation are also reasonable.

The parties do not dispute that Quimba's attorneys spent 469.6 hours on litigation, but the parties disagree as to whether Quimba is entitled to fees associated with denied motions. D's AFCs I at 2-6. The government argues that the motions did not contribute to Quimba's success but unreasonably protracted litigation, and, as a result, they are not compensable. *Id*. The government claims that the award should be reduced by the amount Quimba's attorneys *billed* for time spent on denied motions. *Id*. Quimba alleges that the government's assertions are unreasonable, arguing that decisions to file such motions are strategic and contributed to a successful litigation strategy. P's AFCs at 6-8. The Court is persuaded by plaintiff's argument.

In quantifying reasonable attorney's fees, the Court must first start with "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hubbard*, 480 F.3d at 1332 (citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983)). The Court may then either increase or decrease this amount "based on a number of factors, of which 'the most critical factor is the degree of success obtained.'" *Id*. at 1332 (citing *Hensley,* 461 U.S. at 436). Where the plaintiff has prevailed, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley,* 461 U.S. at 435; *see also Jean,* 496 U.S. at 163 n.10 (*Hensley* standard of reasonableness of fees applies to EAJA); *Sabo v. United States*, 127 Fed. Cl. 606, 634 (2016), *aff'd,* 717 F. App'x 986 (Fed. Cir. 2017); *Baldi Bros. Constructors v. United States*, 52 Fed. Cl. 78, 82 (2002). Also, under the EAJA, the plaintiff's attorney's fees award may be reduced if the plaintiff "unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412 (d)(1)(C).

The Court finds that Quimba reasonably obtained information and advanced their position through these denied motions. The Court does not believe that the failed motions for summary judgment, motion for protective order, and motion to dismiss unduly or unreasonably protracted the final resolution of this case. As such, the Court finds that Quimba's attorney's fees are reasonable and should not be decreased by time spent on failed motions. Additionally, the attorney's fees award should not be decreased relative to the degree of Quimba's success litigating, and as such, Quimba is entitled to $94,639.37 in attorney's fees.

### C. Attorney's Expenses

Quimba contends that it is entitled to the following attorney expenses: court filing fees, postage, and travel. P's AFCs at 5. The government concedes that the EAJA permits a plaintiff to recover expenses incurred by attorneys and does not dispute the reasonableness of the alleged expenses. D's AFCs II at 2. However, the government does not concede that Quimba is entitled to those expenses. *See generally* D's AFCs II.

The EAJA permits a plaintiff to recoup attorney's fees including "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case." 28 U.S.C. § 2412 (d)(2)(A). These examples are not exhaustive. *Oliveira v. United States*, 827

F.2d 735, 744 (Fed. Cir. 1987).  The Court has discretion to "award only those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried." *Id*.  A plaintiff is not entitled to attorney expenses "not incurred or expended solely or exclusively in connection with the case before the court, or . . . expenses the court finds to be unreasonable or unnecessary in the pending litigation." *Id*.; *see also United Partition Sys., Inc. v. United States*, 95 Fed. Cl. 42, 63 (2010) (finding that reasonable court reporter fees and photocopying expenses are customarily charged to the client and qualify as expenses under 28 U.S.C. § 2412).

Attorneys customarily charge clients for the type of expenses at issue.  Quimba's attorneys reasonably and necessarily incurred these expenses through the normal course of litigation and solely for the purposes of litigating this matter.  Quimba incurred $2,958.58 for litigation attorney expenses, and $140.48 for tax attorney expenses.  As such, plaintiff is entitled to $3,099.06 in attorney's expenses.

### D.  Consultant Fees

Quimba claims it is entitled to costs for retaining the services of a consultant with expertise in the FAR and CAS.  P's AFCs at 5.  The FAR/CAS expert consultant analyzed the government's arguments related to the FAR and cost accounting, and provided the opinion Quimba used in forming its litigation strategy.  *Id*.  The government asserts that the EAJA limits Quimba's award to only expenses incurred by attorneys, and denies liability for the FAR/CAS fees because Quimba—not their attorneys—directly incurred these expenses.  D's AFCs at 2.

A plaintiff may recover "the reasonable expenses of expert witnesses, the reasonable cost of any study, *analysis*, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). Costs associated with hiring expert consultants are recoverable under the EAJA when the government's position is not substantially justified, even if the expert does not testify.  *KMS Fusion, Inc. v. United States*, 39 Fed. Cl. 593, 606 (1997) (finding expenses associated with retaining an expert to assist in preparation for trial are recoverable).

In *Quimba II*, the Court found that the government's position was not substantially justified.  *Quimba II* at 7.  The Court finds that it was reasonable and necessary for Quimba to retain the FAR/CAS expert consultant to review, analyze, and provide an opinion, and that such an opinion was instrumental to litigation.  Quimba should not bear the financial burden of carrying out its due diligence.  *KMS Fusion*, 39 Fed. Cl. at 606.  Therefore, Quimba is entitled to recover $1,181.25 in costs associated with retaining the FAR/CAS expert consultant.

### E.  Other Costs Incurred Directly by Quimba.

Quimba argues it is entitled to reimbursement for expenses it directly incurred and compensation for its founder's time spent supporting the litigation efforts.  P's AFCs at 5-6.  Those expenses largely consist of travel and lodging costs incurred by Quimba's founder to attend meetings with counsel, depositions, and hearings.  P's AFCs Ex. 7.  Quimba attempts to

justify entitlement for labor costs by arguing that its founder's assistance decreased the legal fees. P's AFCs at 5. Plaintiff argues that $75 per hour is a reasonable rate because the Air Force originally agreed to compensate Quimba's founder at $75 per hour for services under the original contract. *Id*.

The government asserts that Quimba cannot recoup expenses it itself incurred, arguing that the EAJA only permits recovery of expenses incurred by attorneys and expert witnesses. D's AFCs II at 2-3. Similarly, the government contests compensating Quimba for the time its founder spent supporting the litigation effort, because Quimba's attorneys did not directly incur these costs, and Quimba's founder is not an attorney. *Id*. at 4. The Court finds this argument persuasive.

The EAJA distinguishes between expenses incurred by a plaintiff and those incurred by attorneys and experts. *Baldi Bros. Constructors v. United States*, 52 Fed. Cl. 78, 86 (2002). The EAJA does not permit recovery of expenses incurred directly by a plaintiff. *Id*. at 87. For example, "while non-local travel and other expenses incurred by attorneys are compensable under the EAJA, a contractor may not recover travel expenses for itself." *Id*. at 86; *Carmichael v. United States*, 70 Fed. Cl. 81, 86-87 (2006) (reducing the EAJA award by the plaintiff's travel expenses even though the plaintiff assisted the attorney by performing paralegal services). In *Baldi*, the Court denied the plaintiff's claim for expenses incurred by their project manager because the attorney did not incur those expenses. *Baldi*, 52 Fed. Cl. at 87. Similarly, Quimba's founder incurred the expenses at issue here, and, as such, Quimba is not entitled to recover their founder's expenses under the EAJA.

The EAJA also does not permit recovery of costs or compensation for time associated with plaintiff's labor supporting litigation. *Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 722 (Fed. Cir. 1998) (stating that the EAJA does not allow for recovery of damages for "lost opportunity costs of employee or principal time associated with prosecuting a claim"). The EAJA limits recovery to fees billed by experts, attorneys, or "non-attorney practitioners who are authorized to represent clients only with special permission of a given tribunal." *Id*. at 721. In *Fanning*, the Court upheld the Department of Veteran Affairs Board of Contract Appeals' decision denying the plaintiff's claim for damages stemming from the time the plaintiff's principal and employees spent supporting the litigation effort. *Id*. at 722. The Court found these damages were not compensable under the EAJA because the principal and employees were not attorneys, specialized non-attorney practitioners, or outside specialists retained to support the litigation. *Id*. Similarly, Quimba's founder is not an attorney or an agent as contemplated by the EAJA. Therefore, Quimba's founder's time is not compensable under the EAJA guidelines.

### IV.   Conclusion

Pursuant to the EAJA, the Court finds that plaintiff is entitled to recover a total of $98,919.68 in attorney's fees and costs associated with litigation, including COLA-capped attorney's fees, attorney expenses, and expert consultant fees as summarized below. The plaintiff is also entitled to interest accruing from December 21, 2017, to the day the government pays the amount awarded to the plaintiff. The following is a summary of the award, not including interest:

| Quimba's Entitlement | |
|---|---|
| **Description** | **COLA Adjusted** |
| Attorney Fees - Mc Mahon, Welch, and Learned (469.6 Hours @ $184.33/hr for 2/27/12 - 8/14/12; $187.06/hr for 1/30/13 - 2/28/13; $190.03/hr for 1/2/14 - 12/7/14; $190.27 from 1/6/15 - 12/21/15; $192.68 from 1/26/16 - 12/16/16; $196.77 from 1/9/17 to 12/28/17; $201.11 from 1/3/18 - 5/23/18). | $90,084.08 |
| Attorney Fees - Bell, Davis, and Pitt. | $4,555.29 |
| Attorney Costs - Mc Mahon, Welch, and Learned. | $2,958.58 |
| Attorney Costs - Bell, Davis, and Pitt. | $140.48 |
| FAR/CAS Consultant - Nicholas Sanders. | $1,181.25 |
| **Total** (not including interest for $98,919.68 accruing from 12/21/2017) | **$98,919.68** |

For the reasons set forth above, the defendant's Motion for leave to file corrected calculations and costs is **GRANTED**. Both the plaintiff's and the defendant's calculations and costs are **GRANTED** in part and **DENIED** in part. Plaintiff is awarded **$98,919.68**.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge